IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-16-BO

| | |
|---|---|
| MARIAN ELIZABETH DUBAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DITECH FINANCIAL LLC and GERALD )<br>LOMBARDO, )<br>)<br>Defendants. ) | O R D E R |

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge James E. Gates. [DE 4]. On March 6, 2019, Judge Gates recommended that plaintiff be permitted to proceed *in forma pauperis* but that her claims be dismissed. *Id.* Plaintiff has filed a motion titled "Court of Record Tort Claim Petition and Request for a Hearing or Trial By Jury," but otherwise makes no response to Judge Gates's memorandum and recommendation. [DE 5] For the reasons that follow, the M&R [DE 4] is ADOPTED and plaintiff's motion [DE 5] is DENIED.

## BACKGROUND

In January 2019, plaintiff filed a *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 1]. Plaintiff's claims, which include trespass, breach of contract, emotional distress, fraud, negligence, and loss of employments, arise from a 1999 mortgage that plaintiff obtained on her home in Columbus County, North Carolina. Specifically, plaintiff claims that she was harmed when defendants did not release her from her mortgage after she wrote them a check for $83,000.

In March 2019, Judge Gates entered the instant memorandum and recommendation (M&R), granting plaintiff's application to proceed *in forma pauperis* and recommending that plaintiffs' claims be dismissed for lack of subject-matter jurisdiction. [DE 4]. Plaintiff filed no specific objections, instead submitting a "Court of Record Tort Claim Petition and Request for a Hearing or Trial By Jury," in which she reiterates her causes of action but makes no objection to any of the findings in Judge Gates's M&R.

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

Here, plaintiff has not timely and specifically objected to any portion of the M&R. The M&R finds that, despite plaintiff's bare assertion to the contrary, plaintiff does not allege any claims that raise federal questions and there is no diversity of citizenship and, as such, the Court is without subject-matter jurisdiction. To the extent that plaintiff references "RICO" in her purported "Court of Record Tort Claim Petition," it is unclear whether she refers to the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*, or to North Carolina's counterpart, N.C. Gen. Stat. §§ 75D-1, *et seq.* As such, plaintiff has not affirmatively pleaded federal jurisdiction. Nothing else in plaintiff's "Court of Record Tort Claim Petition" raises any objection to the M&R or provides any grounds for relief and, as such, the motion is denied.

The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record, and finds that there is no subject-matter jurisdiction. Accordingly, the memorandum and recommendation is ADOPTED.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Gates [DE 4] is ADOPTED, plaintiff's motion [DE 5] is DENIED, and plaintiff's complaint is DISMISSED.

SO ORDERED, this _25_ day of March, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE